IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**PAUL THOMPSON**                                                  **PETITIONER**

v.                                                  **No. 1:22CV129-SA-RP**

**SUPERINTENDENT MARCUS MCCLURE**                             **RESPONDENT**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* petition of Paul Thompson for a writ of *habeas corpus* under 28 U.S.C. § 2254. The State has moved to dismiss the petition as untimely filed under 28 U.S.C. § 2244(d)(2). Thompson has responded to the motion, and the parties have submitted additional briefing. The matter is ripe for resolution. For the reasons set forth below, the State's motion to dismiss will be granted and the instant petition for a writ of *habeas corpus* will be dismissed with prejudice as untimely filed.

**Facts and Procedural Posture**[1]

Paul Thompson is currently in the custody of the Mississippi Department of Corrections ("MDOC") and housed at the Mississippi State Penitentiary ("MSP") at Parchman, Mississippi. In his petition, Thompson challenges his 2014 guilty plea for sexual battery and twenty-year sentence imposed by the Oktibbeha County Circuit Court. Doc. 1, 8. The court has set forth below Thompson's procedural path from his guilty plea to the present petition.

**Guilty Plea and Sentence**.

Thompson pled guilty in May 2014 in the Oktibbeha County Circuit Court to one count of sexual battery of a child under the age of fourteen. *See* State Court Record (SCR), Cause No.

---

[1] The court has drawn the facts and procedural posture of this case from the State's Motion to Dismiss, as the facts and posture are both well-documented and uncontested.

2020-CP-1236, Supp. Vol. 1 at 10–26.[2] On May 5, 2014, the trial court sentenced Thompson to serve twenty years in the custody of MDOC. *See* Exhibit A[3]; *see also* SCR, Cause No. 2020-CP-1236, Vol. 1 at 5A–5D; Supp. Vol. 1 at 6–9.

**State Post-Conviction Proceedings**.

Although Thompson filed motions for discovery and production of records and transcripts in 2015 (SCR, Cause No. 2020-CP-1236, Vol. 1 at 7–29), he did not file his first motion for post-conviction relief in the Oktibbeha County Circuit Court until May 4, 2017 – one day before the expiration of Mississippi's three-year limitations period for seeking such relief.[4] *See* Exhibit B; *see also* SCR, Cause No. 2020-CP-1236, Vol. 1 at 30–123. On June 11, 2020, Thompson filed a "Section 11-43-1 Motion for State Writ" in the Oktibbeha County Circuit Court (with a signature date of June 8, 2020). *See* Exhibit C; *see also* SCR, Cause No. 2020-CP-1236, Vol. 2 at 200–47. On September 14, 2020, "after review[ing] the court file in its entirety," the trial court denied Thompson's motions for post-conviction relief. *See* Exhibit D; *see also* SCR, Cause No. 2020-CP-1236,Vol. 1 at 6; Vol. 2 at 250.

Thompson appealed the trial court's September 14, 2020, decision, raising four issues: (1) "the court erred where the government failed to adequately present the essential element of the offense charged in an unambiguous manner in the indictment;" (2) "the court erred in concluding that petitioner's guilty plea was knowing and intelligent where the government failed to adequately

---

[2] References to Thompson's state appellate court records are designated as "SCR" followed by the appellate case number, along with the volume and page number or other appropriate designation.

[3] The exhibits referenced in this memorandum opinion may be found attached to the State's response to the instant petition for a writ of *habeas corpus*.

[4] Thompson did not sign and date his post-conviction motion, but he dated an attached notice of the filing of a motion for records and transcripts on May 2, 2017 (denied by Order filed June 29, 2017). *See* SCR, Cause No. 2020-CP-1236, Vol. 1 at 98, 125.

present the essential element of the offense charged in an unambiguous manner to show the conduct the grand jury chose to allege as criminal;" (3) "the court erred where it determined petitioner received effective assistance [of counsel];" and (4) "the court erred where it failed to rule whether agents of government actions violated petitioner's due process rights and denied opportunity for a fair trial." *See* SCR, Cause No. 2020-CP-1236, Brief of Appellant.

The Mississippi Court of Appeals affirmed the circuit court's denial of Thompson's post-conviction motions. *See* Exhibit E. (*Thompson v. State,* 344 So. 3d 299 (Miss. Ct. App. 2022) (Cause No. 2020-CP-1236-COA)). The court of appeals rejected Thompson's claim that the indictment was "vague" because it used the phrase "private parts" rather than a specific anatomical term and held that Thompson's indictment complied with state law, "provid[ing] him with ample notice of the charge against him." *Thompson,* 344 So. 3d at 301–02. The court of appeals also rejected Thompson's claim that his plea was not knowing and intelligent. *Id.* at 302. The court of appeals likewise rejected Thompson's claim that his counsel was ineffective because he was "campaign[ing] for a job with [the] district attorney's office." *Id.* at 302. The court held that Thompson failed to substantiate his assertion – and, in any event, "stated under oath during his plea hearing that he was satisfied with his attorney's performance." *Id.* Finally, the court of appeals held that Thompson had waived any claim alleging coercion of his confession or the victim's statements by entering a valid guilty plea. *Id.*

The court of appeals denied Thompson's motion for rehearing on August 9, 2022 (*see* Exhibit F), and he did not seek review of that decision in the Mississippi Supreme Court. *See generally,* SCR, Cause No. 2020-CP-1236. The mandate issued on August 30, 2022. *See* Exhibit G.

Thompson had previously sought post-conviction relief in December of 2017 by filing a

- 3 -

"Section 11-4-1 Motion for State Writ" in the *Sunflower* County Circuit Court (with a signature date of December 12, 2017). *See* Exhibit H; *see also* SCR, Cause No. 2018-CP-323, Vol. 1 at 2–59. However, the Sunflower County Circuit Court dismissed Thompson's motion for want of jurisdiction because Thompson pled guilty and was sentenced in the *Oktibbeha* County Circuit Court. *See* Exhibit I; *see also* SCR, Cause No. 2018-CP-323, Vol. 1 at 61–62. On April 14, 2020, the Mississippi Court of Appeals affirmed the Sunflower County Circuit Court's decision dismissing the post-conviction action for want of subject matter jurisdiction. *See* Exhibit J (*Thompson v. Turner,* 294 So. 3d 678 (Miss. Ct. App. 2020) (Cause No. 2018-CP-323-COA)).

**Federal *Habeas Corpus* Proceedings**.

Thompson sought federal *habeas corpus* relief on September 13, 2022, by filing a "Petition to File Writ of *Habeas Corpus*" and a "Petition to file for Authorization to file Writ of *Habeas Corpus*" (with a signature date of September 12, 2022). Doc. 1. The court directed [5] Thompson to complete the proper form for filing a federal petition, and he filed a completed petition on the proper form on October 5, 2022. Doc. 8.

Thompson raises six grounds for relief in his petition:

(1) "Fifth Amendment grand jury clause violation;"

(2) "knowing, intelligent and voluntary guilty plea violation of Sixth Amendment—Fed. R. Crim P. 11;"

(3) "effective assistance of Sixth Amendment"—counsel "did not challenge dismissal without prejudice where no true bill indictment," counsel "failed to represent petitioner at arraignment," counsel "motioned to withdraw from case before first trial date," counsel "failed to file any motion," and counsel "returned for plea hearing;"

(4) governmental misconduct;

(5) "Fifth Amendment privilege against self-incrimination;" and

(6) "Fourteenth Amendment due process right equal protection under the law."

Doc. 8 at 5–9, 21–27. Thompson states that he raised Grounds One through Four on state post-conviction review, but he does not address exhaustion of those claims to the state's highest court or address exhaustion of the remaining claims in the petition. Doc. 8 at 5–9. Thompson did not respond to paragraph 18 of his petition – and thus did not address the timeliness of his petition. Doc. 8 at 13.

### One-Year Limitations Period

Decision in this case is governed by 28 U.S.C. § 2244(d), which provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

**Initial *Habeas Corpus* Deadline Based Upon the Date Thompson's Conviction Became Final**

On May 5, 2014, the trial court sentenced Thompson on his guilty plea to one count of

sexual battery of a child under the age of fourteen. *See* Exhibit A; *see also* SCR, Supp. Vol. 1 at 6–9. There is no direct appeal from a guilty plea under Mississippi law. Miss. Code Ann. § 99-35-101. However, a Mississippi petitioner's guilty plea becomes final under the Antiterrorism and Effective Death Penalty Act ("AEDPA") ninety days after sentencing on his plea—when the time for seeking direct review of the guilty plea in the Supreme Court would expire. *Wallace v. Mississippi, et al.*, 43 F.4th 482, 497–501 (5th Cir. 2022). Thus, Thompson's conviction became final under AEDPA on August 4, 2014[5], upon the expiration of time for seeking review in the Supreme Court. (May 5, 2014 + 90 days) *Id.; see also Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (when a petitioner does not seek certiorari review in the Supreme Court, "the judgment becomes final at the 'expiration of the time for seeking such review'—when the time for pursuing direct review in [the Supreme Court], or in the state court, expires"). Thus, Thompson's deadline for seeking federal *habeas corpus* relief became August 4, 2015 (August 4, 2014 + 1 year), absent statutory or equitable tolling. As explained below, Thompson is not entitled to statutory or equitable tolling; hence, his federal petition for a writ of *habeas corpus* is untimely and will be dismissed with prejudice. *See* 28 U.S.C. § 2244(d).

**No Statutory Tolling of the *Habeas Corpus* Limitations Period**

Thompson did not submit a "properly filed" application for post-conviction relief – as contemplated by 28 U.S.C. § 2244(d)(2) – before federal *habeas corpus* deadline of August 4, 2015. As such, he does not enjoy statutory tolling of the limitations period. *See Jones v. Lumpkin*, 22 F.4th 486, 490 (5th Cir. 2022) (holding that petitioner was not entitled to statutory tolling because "he never 'properly filed' a state habeas application during the limitations period.")

---

[5] The ninety-day period for seeking certiorari review would have expired on Sunday, August 3, 2014, so Thompson would have had to file any certiorari petition on or before the next business day, Monday, August 4, 2014.

Thompson filed his first motion for post-conviction relief in the Oktibbeha County Circuit Court in May 2017, nearly two years after the federal *habeas corpus* limitations period expired. Thus, Thompson is not entitled to statutory tolling during the pendency of his state post-conviction motions – even if they were "properly filed" in state court – because he filed those pleadings *after* the expiration of the federal limitations period. *See* 28 U.S.C. § 2244(d)(1)–(2); *see also Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

Thompson's post-conviction motion in the Sunflower County Circuit Court was likewise filed after expiration of the one-year limitations period. In addition, that motion was not "properly filed" because he filed it in a court without subject matter jurisdiction. *See Pace v. DiGuglielmo,* 544 U.S. 408, 417 (2005) ("[w]hen a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)") (internal citation omitted); *see also Larry v. Dretke*, 361 F.3d 890, 893 (5th Cir. 2004) (quoting *Artuz v. Bennett*, 531 U.S. 4, 8 (2000)) (A state post-conviction application "is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings.")

Though Thompson filed motions for records, transcripts, and discovery requests in 2015, before the limitations period expired, those motions did not constitute "properly filed" motions for post-conviction or other collateral relief. *See* 28 U.S.C. § 2244(d)(2); *see also Hutson v. Quarterman*, 508 F.3d 236, 238 (5th Cir. 2007) (the key inquiry is whether a motion seeks "review" of the judgment for which petitioner was incarcerated). Thompson's 2015 motions for records and transcripts did not seek review of the judgment at issue and thus were not properly filed state post-conviction applications.

Thompson's 2017 motion for records and transcripts did not qualify as a properly filed post-conviction applications for two reasons: (1) it did not seek review of the criminal judgment,

and (2) it was filed after the expiration of the federal *habeas corpus* limitations period. None of Thompson's motions for discovery, records, or transcripts tolled the limitations period, and his deadline to seek federal *habeas corpus* relief remained August 4, 2015.

**Equitable Tolling Does Not Apply**

Thompson does not enjoy equitable tolling of the federal *habeas corpus* limitations period. "The doctrine of equitable tolling preserves a [petitioner's] claims when strict application of the statute of limitations would be inequitable." *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir.2000) (per curiam) (internal quotations omitted). The one-year limitations period of the AEDPA in 28 U.S.C. § 2255(f) is not jurisdictional; thus, it is subject to equitable tolling. *United States v. Wynn*, 292 F.3d 226, 230 (5th Cir.2002). For this reason, a district court may toll the AEDPA limitations period. *Id.* at 229–30.

The decision whether to apply equitable tolling turns on the facts and circumstances of each case. *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir.2000); *see also Alexander v. Cockrell*, 294 F.3d 626, 628 (5th Cir.2002) (per curiam). However, a court may apply equitable tolling only "in rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998); *see also Minter v. Beck,* 230 F.3d 663, 666–67 (4th Cir.2000) ("[E]quitable tolling of the AEDPA's one year limitation period is reserved for those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result.") (quotation omitted).

The petitioner bears the burden of establishing that equitable tolling is warranted. *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.), modified on reh'g, 223 F.3d 797 (2000) (per curiam). In order to satisfy his burden, the petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" of timely filing

his *habeas corpus* petition. *Lawrence v. Florida*, 549 U.S. 327, 127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007). The diligence required to invoke equitable tolling is "reasonable diligence, not maximum feasible diligence…." *Holland v. Florida*, 560 U.S. 631, 653, 130 S. Ct. 2549, 2565, 177 L. Ed. 2d 130 (2010) (internal citations and quotations omitted). However, a petitioner's delay of even four months shows that he has not diligently pursued his rights. *Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001).

**No Extraordinary Circumstances to Permit Equitable Tolling**

In this case, Thompson has not argued that extraordinary circumstances prevented him from timely filing his petition. He has not shown that external factors – beyond his control – caused the delay. Indeed, Thompson left blank the portion of his petition regarding timeliness. Doc. 1. "[N]either a petitioner's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling." *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999); *see also Fisher v. Johnson,* 174 F.3d 710, 713 (5th Cir. 1999) (ignorance of law or limited access to outside information do not constitute a "rare and exceptional" circumstance to excuse untimely filing). As Thompson has not shown that extraordinary circumstances prevented him from timely seeking § 2254 relief, equitable tolling is not available to him.

**No Diligence in Seeking Relief**

Thompson likewise fails to show that he was diligent in pursuit of *habeas corpus* relief. *See Holland*, 560 U.S. at 649. Thompson must show "a causal relationship between the extraordinary circumstance and his delay, a showing 'that cannot be made if [he], acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances.'" *Smith v. Vannoy*, 848 F. App'x 624, 628–29 (5th Cir. 2021). Thompson could have timely filed his federal petition if he had acted with reasonable diligence. He was sentenced on his plea in May

2014; yet he waited until "one day before the expiration of the [state court] three-year statute of limitations" to seek state post-conviction relief. *Thompson,* 344 So. 3d at 301. As Thomas slept on his rights for nearly three years, he cannot now invoke equitable tolling, and the federal *habeas corpus* deadline remained August 5, 2015. *Huley v. Thaler*, 421 F. App'x 386, 390 (5th Cir. 2011) (citation omitted).

### Timeliness Calculation

Under the prison "mailbox rule," the instant *pro se* federal petition for a writ of *habeas corpus* is deemed filed on the date the petitioner delivered it to prison officials for mailing to the district court. *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)). In this case, the federal petition was filed sometime between the date it was signed on September 12, 2022, and when it was stamped "Filed" in this court on September 13, 2022. The instant petition was thus filed over seven years after the August 4, 2015, filing deadline. As discussed above, the petitioner may invoke neither statutory tolling nor equitable tolling of the one-year limitations period. As such, the State's motion to dismiss will be granted, and the instant petition for a writ of *habeas corpus* will be dismissed with prejudice and without evidentiary hearing as untimely filed under 28 U.S.C. § 2244(d).

### The Petitioner's Additional Briefing Is Meritless, and the Court Will Not Consider the Petitioner's Claims Brought for the First Time in That Briefing

In his traverse, Thompson offers various complaints about the "pre-trial stages" of his criminal proceedings. Doc. 15. He argues that he was denied both "equal protection" and due process. Doc. 15. He also alleges that his indictment process was racially discriminatory and contends that his indictment did not provide the factual specificity to protect him from double

jeopardy. Doc. 15 at 7–11. Thompson alleges that he was denied the right to be present at an "ex parte hearing" in municipal court and complains about counsel who represented him during the initial stages of his case. Doc. 15 at 11–15, 22. Thompson also contends that he was not afforded the "constitutional protections of Fed. R. Crim. P. Rule 11" at his plea hearing—which the court construes as a challenge to the voluntariness of his plea. Doc. 15 at 19–21. He also alleges that counsel provided ineffective assistance at his plea hearing. Doc. 15 at 19–21. None of these claims address the dispositive issue in this case: that the instant petition was untimely filed. As such, the claims are not relevant.

Thompson also filed a motion to "dismiss" Rules Four and Five of the Rules Governing Section 2254 Cases. Doc. 16. The court construes Thompson's motion as a request to "amend" his original petition to offer a belated response to paragraph 18 (which addresses the timeliness of the petition). *See* Docs. 1, 16. Thompson provides no explanation regarding why he left that part of his original petition blank. *See* Doc. 16. His various claims are meritless.

Thompson first argues that he "should not be subject to the time bar established in MCA § 99-39-5(2)" a *state* statute. Doc. 16 at 2. However, that statute has no bearing on the timeliness of his petition under 28 U.S.C. § 2244(d) a *federal* statute.

Thompson further argues that he had to exhaust state remedies before filing a federal *habeas corpus* petition and "[e]xhausting state remedies frequently takes longer than a year." Doc. 16 at 3. While this is true, the federal limitations period is *tolled* while a *properly filed* state application for post-conviction relief is pending. 28 U.S.C. § 2244(d)(2). However, as discussed above, Thompson's applications for post-conviction relief were filed after the *habeas corpus* limitations period had expired – and thus did not operate to toll that period.

Thompson then argues that his petition was not successive (which is unrelated to its timeliness). He also mentions the federal court's review of the state's application of procedural rules (also unrelated to his petition's timeliness). These issues are irrelevant to the resolution of this case.

He further argues that his 2015 "motions for records, transcripts[,] and discovery request[s]" were timely filed; however, as discussed above, none of those motions constituted a properly filed application for post-conviction collateral relief under 28 U.S.C. § 2244(d)(2). The 2017 motion for records and transcripts did not toll the limitations period, as that motion was filed *after* the limitations period expired. He then seems to argue that the denial of his 2015 requests for documents prevented him from obtaining evidence vital to his claim – and that he faced difficulties due to his incarceration. Doc. 16 at 5, 7-8. As discussed above, however, these limitations do not rise to the level of rare and exceptional circumstances to support equitable tolling. Despite his claim that these limitations prevented him from timely seeking federal *habeas corpus* relief, he was able to seek state post-conviction relief, appeal the denial of relief, and file a petition for a writ of *habeas corpus* in this court. Hence, he has not identified something external to him that prevented him from seeking relief in a timely manner. Also, as discussed above, he was not diligent in pursuing such relief.

In addition, Thompson argues that counsel "effectively abandoned" him, that he was prejudiced by a last-minute change in counsel, that counsel failed to communicate with him, and that counsel denied him access to his files. Doc. 16 at 6-8. However, as Thompson was proceeding *pro se* in all state post-conviction proceedings and in his request for *habeas corpus* relief in this court, counsel's acts or omissions are not relevant to the timeliness of the instant petition.

In any event, the court will not permit Thompson to raise new arguments for the first time in his motion—which is, in effect, a second response to the state's motion to dismiss. *See, e.g., Hopper v. Dretke*, 106 F. App'x 221, 228 n.25 (5th Cir. 2004) ( "[i]n the absence of manifest injustice, this court will not consider claims raised for the first time in a reply brief") (citation omitted). Thus, Thompson's "motion to dismiss," a belated request to amend his original petition, will be denied.

## Conclusion

For the reasons set forth above, the State's motion [12] to dismiss will be granted, and the instant petition for a writ of *habeas corpus* will be dismissed with prejudice as untimely filed. In addition, the petitioner's motion [14] to extend the deadline to respond to the State's motion to dismiss will be dismissed as moot. Finally, the petitioner's Motion [16] to Dismiss Rules Four and Five and Allow Thompson to Amend His *Habeas Corpus* Petition will be denied. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 8th day of November, 2023.

/s/ Sharion Aycock
U. S. DISTRICT JUDGE